PER CURIAM.
Petitioner, Bernard Berman, seeks reinstatement to membership in The Florida Bar pursuant to Florida Bar Integration Rule, article XI, rule 11.11. On December 1, 1970, petitioner was adjudicated guilty of the offenses of conspiracy to possess stolen securities and purchasing and possession stolen securities in the District Court of the United States for the Southern District of Florida. On January 4, 1971, The Florida Bar invoked Florida Bar Integration Rule, article XI, rule 11.07(3) by filing a copy of the judgment of guilt in this Court, thereby suspending petitioner from the practice of law.
At the hearing before the referee on his petition for reinstatement, petitioner presented an array of judges, former judges and attorneys who attested to petitioner’s successful rehabilitation, good character and fitness to practice law. The referee recommended that the petition for reinstatement be granted unconditionally. The Florida Bar did not offer rebuttal evidence at the hearing, but now argues that at the time of the filing of the petition for reinstatement[1] petitioner had been free from federal correctional supervision for only eighteen months, an insufficient period in which to establish that he is once again worthy of a position of trust.
We believe that petitioner has proven his rehabilitation and fitness to practice law and, therefore, we approve the findings and conclusions of the referee.
Accordingly, petitioner, Bernard Berman, is hereby reinstated to the practice of law in Florida.
Costs in the amount of $44.00 are hereby taxed against petitioner.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON and HATCHETT, JJ., concur.
SUNDBERG, J., dissents with an opinion, with which ALDERMAN, J., concurs.

. The hearing before the referee followed approximately two months thereafter.